IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:09-CV-383-FDW-DCK

| | | |
|---|---|---|
| KIMBERLY ANN QUEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MINNESOTA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Join Necessary Parties..." (Document No. 3) filed on September 3, 2009 by Minnesota Life Insurance Company ("Minnesota Life"). Plaintiff consents to the motion. The motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having fully considered the record and applicable authority, the undersigned will **grant** the motion for the following reasons:

This insurance interpleader action involves a dispute among claimants to the death benefits payable under a life insurance policy issued by Minnesota Life. Specifically, Minnesota Life indicates that the claimants may have an interest in the death benefits of $85,000.00 payable under Policy No. 33227-G, a life insurance policy insuring the life of Deborah L. Wilkerson (who died on May 26, 2009). Minnesota Life indicates that John V. Wilkerson, Kelli L. Stevens, Stacy L. Willard, Rayce Blaine Wilkerson, Savannah Jaide Willard, and Cole Benjamin Willard, have all asserted conflicting and adverse claims to these death benefits. Minnesota Life indicates it cannot determine to whom it should pay the benefits. (Document No. 5, ¶ 49).

Pursuant to Rules 13(h) and 19(a) and 28 U.S.C. § 2361, Minnesota Life seeks to join these six claimants as parties and counter-defendants to Defendant's Counterclaim in Interpleader. Minnesota Life has submitted a summons directed to each person. Rule 13(h) of the Federal Rules of Civil Procedure provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed.R.Civ.P.13(h). Rule 19 (a) ("Persons Required to Be Joined if Feasible") provides in relevant part:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Additionally, Civil Rule 4(k)(1)(C) provides that "Serving a summons or filing a waiver of service establishes personal jurisdiction over a Defendant when authorized by a federal statute." Fed.R.Civ.P. 4(k)(1)(C). The relevant federal statute for interpleader, 28 U.S.C. § 1335, provides in relevant part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader ... filed by any ... corporation ... having issued a ... policy of insurance ... of value or amount of $500 or more ... if (1) Two or more adverse claimants, of diverse citizenship ... are claiming or may claim to be entitled to ... any one or more of the

> benefits arising by virtue of any ... policy ... ;
>
> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

The relevant federal statute regarding process and procedure for interpleader actions, 28 U.S.C. § 2361, provides for nationwide service of process, personal jurisdiction, and injunctive relief for statutory interpleader claims:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

See also, Corpus Juris Secundum, Interpleader § 24 "Process and Appearance."

Citing these statutes and rules, Minnesota Life indicates that, in addition to the Plaintiff, the six named individuals (John V. Wilkerson, Kelli L. Stevens, Stacy L. Willard, Rayce Blaine Wilkerson, Savannah Jaide Willard, and Cole Benjamin Willard) are all claimants to the insurance proceeds and are necessary parties in this insurance interpleader action. Without them, Minnesota Life would be subject to a substantial risk of incurring multiple or conflicting obligations regarding payment of the death benefits, and possibly, multiple legal actions. Minnesota Life asks the Court to require the claimants to interplead and assert in this proceeding any claims which they have or

may wish to assert to the death benefits. Minnesota Life indicates it wishes to deposit the insurance proceeds into the registry of this Court. In conclusion, the requested joinder and issuance of process is authorized under the federal rules and by 28 U.S.C. § 2361.

**IT IS, THEREFORE, ORDERED** that the "Motion to Join Necessary Parties..." (Document No. 3) is **GRANTED**; the Clerk of Court shall issue process for the six summons attached to the motion.

**IT IS SO ORDERED**.

Signed: September 23, 2009

David C. Keesler
United States Magistrate Judge