```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv383-DCK
```

| | | |
|---|---|---|
| KIMBERLY ANN QUEEN, | ) | |
|       Plaintiff, | ) | |
| Vs. | ) | ORDER |
| MINNESOTA LIFE INSURANCE COMPANY, | ) | |
|       Defendant/Counter Plaintiff, | ) | |
| Vs. | ) | |
| KELLI L. STEVENS; JOHN V. WILKERSON; RAYCE BLAINE WILKERSON; COLE BENJAMIN WILLARD; SAVANNAH JAIDE WILLARD; and STACY L. WILLARD, | ) | |
|       Counter Defendants. | ) | |

**THIS MATTER** is before the Court on the Joint Motion for Approval of Minor Settlement and for Voluntary Dismissal of Minor Plaintiffs[1] (#19) and Defendant/Counter Plaintiff's Motion to Deposit Funds into Registry of Court (#22). The Court has first considered the Joint Motion for Approval of Minor Settlement and for Voluntary Dismissal of Minor Plaintiffs. This motion, seeking to resolve the claims of minor Counter Defendants, is premised on the following logic:

> This settlement would be in the best interests of the minors, because it assures that they will receive a full recovery **without the necessity of their participation in the litigation**. Given the relatively small size of the amount in controversy, it also saves the expense of **appointment of a guardian ad litem** and other litigation costs, which potentially could be taxed against the minors' proceeds.

---

[1] This reference appears to be in error as the only minors appear to be counter defendants.

Docket Entry #19, at ¶ 6 (emphasis added). The problem with this logic is that these minor Counter Defendants *are* participants in this litigation, and there is no provision of law that would allow the Court, *ex mero motu*, to approve a settlement involving minors without appointing guardians *ad litem*, no matter how favorable the proposed settlement may be. If the Court were to do as the parties ask, the discharge of the stakeholder might very well be meaningless, as case law and respected commentators have made clear.

First, minors may not appear as litigants in federal civil proceedings without the assistance of guardians:

> **(c)** **Minor or Incompetent Person.**
>
> **(1) With a Representative.**
>
> The following representatives may sue or defend on behalf of a minor or an incompetent person:
>
>> (A)  a general guardian;
>> (B)  a committee;
>> (C)  a conservator; or
>> (D)  a like fiduciary.
>
> **(2) Without a Representative.**
>
> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. **The court must appoint a guardian *ad litem* — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.**

Fed.R.Civ.P. 17(c)(emphasis added). Thus, the federal rules appear to specifically require the appointment of guardians *ad litem*. The language of the Rule could not be clearer that "[t]he court must appoint a guardian ad litem . . . ." Id.

It is fundamental to civil practice that minors are not competent to sue or be sued without the appointment of a guardian *ad litem* and that any judgment rendered as to an unrepresented minor would be voidable. This means that if the court moved forward in the manner suggested, these minor defendants could, upon reaching their respective majorities, seek to void the judgment and require the stakeholder as well as this court to relitigate the issues herein presented. *Williston on Contracts*

provides as follows:

> An infant cannot personally prosecute an action in court. Rather, an action on his or her behalf must be brought either by a guardian or by a next friend. At common law, it is a good plea in abatement that a plaintiff who sues without a guardian or next friend is an infant. If a judgment is entered against a minor plaintiff who sues without being thus represented, the judgment will be voidable, and in some jurisdictions, void. When judgment is rendered in favor of the infant and is "not prejudicial to his interest," it has been held not void. This practice of allowing an infant to sue by his or her next friend instead of by a guardian is derived from an early English statute and is carried forward by the Federal Rules of Civil Procedure and their state counterparts.
>
> The general guardian "is usually the proper person to represent the infant in such action. But there are frequently cases when the infant may properly sue by next friend, notwithstanding the existence of such guardian, as when the guardian is absent or is unwilling or unable to institute or prosecute the required action or appeal, and especially when, though declining to take such action himself, he does not forbid such proceeding, or when he is disqualified by interest hostile to that of the infant, or is for other reasons an improper or unsuitable person to prosecute such actions in behalf of the ward."
>
> Although the next friend is not appointed by the court, the next friend's authority to prosecute an action may be revoked by the court. The action is properly brought in the name of the infant with the statement that he or she is represented by a stated next friend or guardian, not in the name of the next friend or guardian. In most jurisdictions, if an infant is sued, it is the duty of his or her general guardian, if he or she has one, to appear and defend the action, or the court will appoint a guardian ad litem. Neither an "asserted or actual parent, may claim to be a guardian ad litem of his minor child as a matter of right. A guardian ad litem is appointed as a representative of the court to act for the minor in the cause, with authority to engage counsel, to file suit and to prosecute, control and direct the litigation. As an officer of the court the guardian ad litem has full responsibility to assist the court 'to secure the just, speedy and inexpensive determination' of the action."
>
> If the infant has no general guardian, or if the general guardian has an adverse interest, the court will appoint a guardian ad litem. It should be noted that the infant has no power to bind herself by an appearance on her own behalf, or by an attorney of her own appointment, or by a next friend; and a judgment obtained against an infant without the appearance of a guardian, or a guardian ad litem, is voidable, and in some jurisdictions void, as is a judgment against a minor who was represented only by a guardian whose interests were adverse to the minor's own interest. **Similarly, it has been held that a consent judgment confessed by an insurer on behalf of the insured and his son was voidable when the consent of the infant son and his guardian had not been obtained.**

WILLSTN-CN § 9:25.

While the Court has little doubt that the proposed settlement as to the minor Counter Defendants represents a maximum possible recovery and that the parties have tendered the

settlement for court approval in complete good faith, the Court simply cannot circumvent its obligation to assure compliance with Rule 17. Compliance with the rule need not be a time consuming or expensive procedure; rather, the court envisions Counter Defendants filing, simultaneously, motions for appointment of guardians *ad litem* for each minor defendant discussing each guardian's qualifications and motions for approval of minor settlement, therein advising that each guardian has reviewed the proposed settlement and determined that such is in the best interests of the minor they represent. Such motions will be quickly resolved by the Court.

The Court has also considered the Defendant/Counter Plaintiff's Motion to Deposit Funds into Registry of Court. Such request being in good order and it appearing that Defendant/Counter Plaintiff has fully satisfied its obligations in bringing all interested parties before the Court, that request will be allowed.

**IT IS, THEREFORE, ORDERED** that

(1) the Joint Motion for Approval of Minor Settlement and for Voluntary Dismissal of Minor Plaintiffs (#19) is **DENIED** without prejudice. Counsel for the respective minor Counter Defendants shall promptly file motions for appointment of guardians *ad litem* and other motions necessary to effectuate any settlement in this matter; and

(2) Defendant/Counter Plaintiff's Motion to Deposit Funds into Registry of Court (#22) is **ALLOWED**, and Minnesota Life is hereby instructed to pay into the registry of this Court the group life benefits payable by reason of the death of Deborah L. Wilkerson under Policy No. 33227-G plus applicable interest. Upon payment of the proceeds of the Policy into the registry of this Court, Minnesota Life is **DISCHARGED** of its obligations under the Policy and **DISMISSED** as a party to this action.

Signed: January 21, 2010

_____
David C. Keesler
United States Magistrate Judge